```
                                              RECEIPT #_____
                                              AMOUNT $_____
                                              SUMMONS ISSUED_____
                                              LOCAL RULE 4.1_____
UNITED STATES DISTRICT COURT                  WAIVER FORM_____
FOR THE DISTRICT OF MASSACHUSETTS             MCF ISSUED_____
                                              BY DPTY. CLK._____
                                              DATE_____
                              CIVIL ACTION
                              NO:
```

|  |  |
|---|---|
| Lawrence J. Mesite<br>　　　Plaintiff<br><br>v.<br><br>Newton Police Officer, Dawn Hough,<br>Newton Police Officer Joanne Blay,<br>Newton Police Officer Dina Vacca,<br>The City of Newton, Superintendent,<br>Kenneth Nelson and Bridgewater<br>State Hospital<br>　　　Defendants | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

### COMPLAINT    MAGISTRATE JUDGE _____

### Plaintiff Demand A Trial By Jury To All Issues At Law And Equity

1.

The plaintiff, Lawrence J. Mesite, resides at 3 Rocdean Drive, No. 302, Nashua, New Hampshire 03063.

2.

The defendants, Newton Police Officer, Dawn Hough; Newton Police Officer, Joanne Blay; Newton Police Officer Dina Vacca are employed by The City of Newton Police Department, 1321 Washington Street, West Newton, Massachusetts 06465; The City of Newton. The defendant maintains a police department at 1321 Washington Street, West Newton, Massachusetts 06465.

3.

The defendant, Superintendent Kenneth Nelson, is the superintendent of the Bridgewater State Hospital, 20 Administration Road, Bridgewater, MA  02324.

4.

On or about September 17, 2001, Officer Dawn Hough, Newton Police Department was on duty at Temple Reyin in Newton, Massachusetts.  She was stationed at the rear exit of the parking lot in her personal vehicle.

5.

Hough saw Lawrence Mesite and Keith Bertrand enter the parking lot of the Temple Reyin and park the car among cars at the far end of the lot.

6.

Officer Hough approached Mesite after she saw Mesite crouched near the license plates at the front and rear ends of the car and inquired if Mesite and Bertrand needed any help.

7.

Hough only saw a screw driver in Bertrand's hand.

8.

Hough did not see either defendant remove any plates, nor did she see Bertrand or Mesite attach any plates.

9.

Hough requested identification from Mesite and Bertrand and they complied.

10.

Hough called in backup and told Mesite and Bertrand to wait until she could verify Mesite and Bertrand's information.

11.

Mesite and Bertrand were out of the car during this time and remained out of the car at all times. Neither Mesite or Bertrand attempted to flee nor did they provide any false information.

12.

When the backup officers arrived a computer check of Mesite's license was run as were the plates attached to the car. The licenses were valid with no suspension or revocation noted. A Board of Probation record check of Mesite did not show any outstanding wants or warrants on either Mesite or Bertrand. The car was validly registered to Mesite.

13.

At this point Officer Blay instructed Bertrand to go to the car and get the license plates that were alleged to have been attempted to be placed on the car.

14.

Bertrand complied with Officer Blay's Order. These plate numbers were run. Those plates did not match. One initially was reported as stolen and the second plate was reported missing.

15.

Newton Police Officers Hough, Blay and Vacca conducted a plain view search of the vehicle including looking into the vehicle through the

windows. Nothing illegal was seen in plain view.

16.

The Officers proceeded to conduct an aggressive search of the interior of the automobile. While inside the car, Newton Police Officer Vacca checked the rear deck of the car and Newton Police Officer Blay searched the interior of the compartment by entering through the front door and climbing over into the back seat. While searching a red shopping bag in the back seat, Officer Blay found inside, ammunition, a .22 caliber revolver and a loaded Blacksmith and Wesson 9mm.

17.

These items as well as the license plates were taken from the interior of the car and were the subject matter of a motion to suppress. The defendants never secured a search warrant though they had ample opportunity to do so.

18.

Lawrence Mesite was arrested on September 21, 2001, Mesite was placed in solitary confinement for three (3) months pursuant to the illegal search and seizure.

19.

Mesite was placed in Bridgewater State Hospital under the supervision of Supt. Nelson. Nelson and Bridgewater State Hospital were responsible for the physical beatings Mesite suffered in their custody. Mesite was placed in danger of physical harm due to the illegal search and seizure.

20.

Mesite was held in lieu of bail as a defendant waiting trial from September 17, 2001 until August 2, 2002 pursuant to the illegal search and seizure of the Newton Police Department and its officers.

21.

The defendants had a duty to Mesite as a defendant waiting trial to be held pursuant to 52A status. The defendants did not follow public policies in this matter.

22.

Mesite was not to be mixed in with the other inmates. Mesite was beaten up badly when placed into the general population. His rights pursuant to 52A were seriously violated by all defendants.

23.

Mesite was never given a speedy trial, he was held for eleven (11) months pursuant to evidence from an illegal search and seizure.

24.

Mesite was wrongfully incarcerated from September 17, 2001 until August 2, 2002.

25.

The Newton Police Officers involves in the illegal search had sufficient time and ability to get a search warrant. The matter was marked up for a Motion to Suppress.

26.

On September 17, 2002 the Commonwealth dismissed the Mesite matter entering a nolle prosequi.

> "The Motion to Suppress having been allowed in the Mesite matter, the Commonwealth has insufficient evidence to proceed."

Mesite spent eleven (11) months in prison, subject to physical beatings, placed in general population and never given a speedy trial due to illegal search and seizure by defendants.

## COUNT ONE

### Violations of 42 U.S. Code Section 1983

27.

The plaintiff incorporates paragraphs one through twenty-six by reference.

28.

Newton Police Officers Dawn Hough; Newton Police Officer Joanne Blay; Newton Police Officer Dina Vacca, The City of Newton and Bridgewater Superintendent Kenneth Nelson, under color of any state law, statute, ordinance, regulation, custom or usage of any state law caused Lawrence Mesite to be subjected to the deprivation of his First, Fourth, Sixth and Fourteenth Amendment Rights secured by U.S. Constitution and laws are liable to Mesite injured in an action of law.

WHEREFORE, Lawrence Mesite demands money damages, actual or punitive, interest, costs and attorneys fees against all defendants in the above matter.

The plaintiff,
By his attorney,

_____
Damon Scarano, Esquire
Attorney At Law
60 Commercial Wharf
Boston, MA  02110

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

LAWRENCE J. MESITZ

**DEFENDANTS**

Newton Police, Officer Dawn Haugh
Newton Police Officer Joanne Blay
Newton Police Officer Dina vaca et. al
Middlesex

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: N.H
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT:
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Damon Scarano
60 Commercial Wharf
Boston, MA 02110

ATTORNEYS (IF KNOWN)

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury — Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | HABEAS CORPUS: | | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☒ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS — Third Party 26 USC 7609 | |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights ☐ 555 Prison Condition | | | |

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

42 U.S. Code 1983    Police Brutality, illegal Search

**VII. REQUESTED IN COMPLAINT:** CHECK IF THIS IS A **CLASS ACTION** ☐ UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

**VIII. RELATED CASE(S)** (See instructions): IF ANY

JUDGE: n/a   DOCKET NUMBER: _____

DATE: Sept 7, 2004

SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**

RECEIPT # ____ AMOUNT ____ APPLYING IFP ____ JUDGE ____ MAG. JUDGE ____

UNITED STATES DISTRICT COUR
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) _Lawrence Mesiti v. Newton Police officer Dawn Hough_

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   I.  160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   II. 195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.   *Also complete AO 120 or AO 121 for patent, trademark or copyright cases

   III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

   IV. 220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

   V. 150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.
   _n/a_

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?  YES   **NO**

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC §2403)  YES   **NO**

   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?  YES   **NO**

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?  YES   **NO**

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).  YES   **NO**

   A. IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?
      **EASTERN DIVISION**   CENTRAL DIVISION   WESTERN DIVISION

   B. IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?
      **EASTERN DIVISION**   CENTRAL DIVISION   WESTERN DIVISION

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME _Damon Scarano_
ADDRESS _60 Commercial Wharf, Boston, MA 02110_
TELEPHONE NO. _____

(Cover sheet local.wpd - 11/27/00)