UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE
2005 JAN 20 P 12: 35

| | |
|---|---|
| LAWRENCE J. MESITE,<br>    Plaintiff<br><br>v.<br><br>NEWTON POLICE OFFICER, DAWN HOUGH,<br>NEWTON POLICE OFFICER, JOANNE BLAY,<br>NEWTON POLICE OFFICER, DINA VACCA,<br>CITY OF NEWTON, SUPERINTENDENT,<br>KENNETH NELSON AND BRIDGEWATER<br>STATE HOSPITAL<br>    Defendants | CIVIL ACTION<br>NO. 04-11942GAO |

## MEMORANDUM IN SUPPORT
## OF MOTION TO DISMISS

Defendants Newton Police Officers Dawn Hough, Joanne Blay, and Dina Vacca, (collectively the "Police Officers") and the City of Newton (the "City") have moved for dismissal of the claims against them in the above-captioned matter. The Police Officers and the City submit the following memorandum of law in support of this motion.

### ARGUMENT

**I.  Standard for Motion to Dismiss**

In determining whether to grant a Rule 12(b)(6) motion, this Court must consider the sufficiency of the allegations included in the Complaint. *Dartmouth Review v. Dartmouth College*, 889 F.2d 13, 16 (1st Cir.1989). In order to withstand a motion to dismiss, the complaint must give the defendant fair notice of what the plaintiff's claims are and the grounds upon which they rest. *Conley v. Gibson*, 355 U.S. 41, 47 (1957).

Moreover, "granting a motion to dismiss based on a limitations defense is entirely appropriate when the pleader's allegations leave no doubt that an asserted claim is time-barred."

*LaChapelle v. Berkshire Life Ins. Co.*, 142 F.3d 507, 509 (1st Cir. 1998).

## II. The claims against the Police Officers and the City are barred by the applicable statute of limitations.

Plaintiff alleges violations of 42 U.S. Code Section 1983 based on a search that took place on September 17, 2001(Complaint ¶¶4-16), and an arrest that took place on September 21 2001(Complaint ¶18). Any claims which Plaintiff might have against the Police Officers and the City based on the events of September 17, 2001 and September 21, 2001, are barred by the statute of limitations, because Plaintiff did not commence this action within three years of those dates. Although federal law does not provide a limitation period for section 1983 claims, courts apply the forum state's statute of limitations provision for personal injury torts. See *Wilson v. Garcia*, 471 U.S. 261, 276-80, (1985); *Calero-Colon v. Betancourt-Lebron*, 68 F.3d 1, 2-3 (1st Cir. 1995). Massachusetts law prescribes a three-year limitations period for causes of action such as Plaintiff's section 1983 claim. *Street v. Vose*, 936 F.2d 38, 39-40 (1st Cir. 1991). It is critical to note that this statute of limitations is not tolled by incarceration, *Id.* at 41, and is to be interpreted strictly, barring all claims outside the statutory period. *McIntosh v. Antonino*, 71 F.3d 29 (1st Cir. 1995) (section 1983 claim barred because it was filed one day after expiration of the statutory period).

While federal courts borrow the forum state's statute of limitations, federal law provides the applicable rule for accrual on section 1983 causes of action. *Calero-Colon v. Betancourt-Lebron*, 68 F.3d at 3. Section 1983 claims accrue when the plaintiff knows or has reason to know of the injury on which the claim is based. *Id.*, quoting *Nieves v. McSweeeney*, 73 F. Supp. 2d 98 (D. Mass. 1999). For purposes of determining when a claimant knew or had reason to know of an alleged injury, the court looks to the common law cause of action most closely analogous to the type of claim considered in the case. *Heck v. Humphrey*, 512 U.S. 477, 483-484

2

(1994). Whenever there has been an arrest and imprisonment without a warrant, the common law cause of action that is most closely analogous is the tort of false arrest. *Calero-Colon v. Betancourt-Lebron*, 68 F.3d at 4; *Singer v. Fulton County Sheriff*, 63 F.3d 110, 117 (2nd Cir. 1995); see also *Whiting v. Traylor*, 85 F.3d 581, 585 (11th Cir. 1996). At common law, the statute of limitations in false arrest cases begins to accrue on the date of the arrest. *Nieves v. McSweeeney*, 73 F. Supp. 2d at 103.

In the instant case, the section 1983 claim against the Police Officers and the City is based on an incident that took place on September 17, 2001, and the subsequent arrest of Plaintiff on September 21, 2001 (Complaint ¶¶4-18). Given that Plaintiff's claim is based on a search, arrest and imprisonment that took place without the issuance of a warrant, the statute of limitations began to accrue at the time of the search, and at the time of the arrest respectively. *Id.* There is nothing in the Complaint that suggests this statute of limitations should have been tolled for any reason during the three-year period. While incarceration is mentioned in the Complaint (Complaint ¶24), incarceration does not serve to toll such accrual. *Street v. Vose*, 936 F.2d at 41.

The three-year statute of limitations for this action expired on September 17, 2004 and September 21, 2004. Plaintiff's claim was filed on December 5, 2004, clearly outside the statutory time period for claims of this nature. Therefore, the claims against the Police Officers and the City must be dismissed.

### III.    The City cannot be held liable for the actions of the Police Officers.

If the Complaint is not dismissed against the Police Officers and the City for the reasons set forth supra, the claim against the City must nonetheless be dismissed because the City cannot be held liable, as a matter of law, for the actions of its police officers.

3

It is well established that municipalities cannot be held liable under section 1983 on a *respondeat superior* theory. *Cuddy v. City of Boston*, 765 F. Supp. 775, 777 (D. Mass. 1991). Rather, to establish municipal liability under section 1983, the plaintiff must show that municipal employees were acting pursuant to some official policy or custom of the city when they violated the plaintiff's rights. *Oklahoma City v. Tuttle*, 471 U.S. 808, 810 (1985); *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978). A single alleged incident of individual misconduct cannot establish a municipal policy or custom. *See, e.g., Oklahoma City v. Tuttle*, 471 U.S. at 823-24.

In the instant case, the facts relate solely to one arrest by the Police Officers (Complaint ¶18). There are no facts alleged which might serve to establish a policy or custom. Given that no policy or custom has been alleged, or could possibly be established, the City cannot be held liable for the actions of the Police Officers. For this reason, the claims against the City must be dismissed.

## IV.     The Police Officers are entitled to qualified immunity.

The Police Officers are entitled to qualified immunity from prosecution for their actions in this matter as a matter of law. Under the general rule of qualified immunity announced by the Supreme Court, government officials performing discretionary functions are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). "This . . . standard 'gives ample room for mistaken judgments' by protecting 'all but the plainly incompetent or those who knowingly violate the law.'" *Malley v. Briggs*, 475 U.S. 335, 341 (1986). (quoting *Lewis v. City of Boston*, 829 F. Supp. 471 474

(1993)). "The law provides immunity for such reasonable errors because 'officials should not err always on the side of caution' out of a fear of civil suit." *Rivera v. Murphy*, 979 F.2d 259, 263 (1st Cir. 1992) (quoting *Lewis v. City of Boston*, 829 F. Supp. at 474).

The Police Officers in this case were government officials performing a discretionary function. The Police Officers determined they had probable cause to search the vehicle. The law protects such judgments insofar as they are not plainly incompetent or knowingly in violation of the law. *Malley v. Briggs*, 475 U.S. at 341. Plaintiff has not alleged, nor do the facts suggest, that the Police Officer's actions were plainly incompetent or knowingly in violation the law.

The fact that the results of the search were later suppressed has no bearing on the Police Officer's qualified immunity, because the Police Officers cannot be expected to conform their actions in apprehension of a possible civil suit. *Rivera v. Murphy*, 979 F.2d at 263. Therefore, their actions fall within the ample scope of protection of qualified immunity and the claims against the Police Officers must be dismissed.

## CONCLUSION

For the foregoing reasons, the Police Officers and the City respectfully request that the Motion to Dismiss be ALLOWED.

DEFENDANTS,
NEWTON POLICE OFFICERS DAWN HOUGH,
JOANNE BLAY AND
DINA VACCA, AND
THE CITY OF NEWTON,

By their attorney,

_____
Donnalyn B. Lynch Kahn (BBO # 556609)
Assistant City Solicitor
City of Newton Law Department
1000 Commonwealth Avenue
Newton Centre, MA  02459
Tel:  (617) 796-1240

Dated:

## RULE 7.1 CERTIFICATION

I, Donnalyn B. Lynch Kahn, hereby certify that I have conferred with counsel for the Plaintiff, that we have attempted in good faith to resolve or narrow the issues in the instant motion and were unable to resolve the same.

_____
Donnalyn B. Lynch Kahn

## CERTIFICATE OF SERVICE

I Donnalyn B. Lynch Kahn, hereby certify that on this date I have mailed First Class postage prepaid a copy of the within to Damon Scarano, Esq., 60 Commercial Wharf, Boston, MA 02210.

Signed under the pains and penalties of perjury this 19th day of January, 2005.

_____
Donnalyn B. Lynch Kahn
Assistant City Solicitor