UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE

CIVIL ACTION 3: 08
NO: 04-11942GAO

U.S. DISTRICT COURT
DISTRICT OF MASS

|  |  |
| --- | --- |
| Lawrence J. Mesite<br>        Plaintiff<br><br>v.<br><br>Newton Police Officer, Dawn Hough,<br>Newton Police Officer Joanne Blay,<br>Newton Police Officer Dina Vacca,<br>The City of Newton, Superintendent,<br>Kenneth Nelson and Bridgewater<br>State Hospital<br>        Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**LAWRENCE J. MESITE'S OPPOSITION
TO DEFENDANTS' MOTION TO DISMISS**

Now comes Lawrence J. Mesite and opposes Defendants Newton Police Officers Dawn Hough, Joanne Blay, Dina Vacca and City of Newton's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

The defendants took items as well as the license plates from the interior of an automobile and were the subject matter of a motion to suppress. The defendants never secured a search warrant though they had ample opportunity to do so (Complaint - Paragraph 17).

Lawrence Mesite was arrested on September 21, 2001. Mesite was placed in solitary confinement for three (3) months pursuant to the illegal search and seizure (Complaint - Paragraph 18).

Mesite was placed in Bridgewater State Hospital under the supervision of Supt. Nelson. Nelson and Bridgewater State Hospital were responsible for

the physical beatings Mesite suffered in their custody.  Mesite was placed in danger of physical harm due to the illegal search and seizure (Complaint - Paragraph 19).

Mesite was held in lieu of bail as a defendant waiting trial from September 17, 2001 until August 2, 2002 pursuant to the illegal search and seizure of the Newton Police Department and its officers (Complaint - Paragraph 20).

Mesite was never given a speedy trial, he was held for eleven (11) months pursuant to evidence from the illegal search and seizure (Complaint - Paragraph 23).

Mesite was wrongfully incarcerated from September 17, 2001 until August 2, 2002 (Complaint - Paragraph 24).

On September 17, 2002, the Commonwealth dismissed the Mesite matter after the motion to suppress was allowed.  Mesite spent eleven (11) months in prison subject to physical beatings due to the illegal search and seizure.

In determining whether to grant a motion to dismiss Rule 12(b)(6), this Court must consider the sufficiency of allegations included in the complaint. _Dartmouth Review v. Dartmouth College_, 889 F. 2d 13, 16 (1st Circuit 1989).  In order to withstand a motion to dismiss, the Mesite complaint must give the defendants fair notice of what Mesite's claims are and the grounds upon which they rest. _Conley v. Gibson_, 355 U.S. 41, 47 (1957).

## CONCLUSION

For the foregoing reasons, Mesite has given the defendants fair notice of his claims and the grounds upon which they rest. The motion to dismiss should be denied.

The plaintiff,
By his attorney,

Damon Scarano, Esquire
Attorney At Law
60 Commercial Wharf
Boston, MA  02110

## RULE 7.1 CERTIFICATION

I, Damon Scarano, hereby certify that I have conferred with counsel for the Defendants, that we have attempted in good faith to resolve or narrow the issues in the instant motion and were unable to resolve the same.

Damon Scarano, Esquire

## CERTIFICATE OF SERVICE

I, Damon Scarano, hereby certify that on this date I have mailed First Class postage prepaid a copy of the within to Donnalyn B. Lynch Kahn, Esq., Assistant City Solicitor, City of Newton Law Department, 1000 Commonwealth Avenue, Newton Centre, MA 02459.

Signed under the pains and penalties of perjury this 4th day of February, 2005.

Damon Scarano, Esquire

3