UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LAWRENCE J. MESITE,<br>    Plaintiff<br><br>v.<br><br>NEWTON POLICE OFFICER, DAWN HOUGH,<br>NEWTON POLICE OFFICER, JOANNE BLAY,<br>NEWTON POLICE OFFICER, DINA VACCA,<br>CITY OF NEWTON, SUPERINTENDENT,<br>KENNETH NELSON AND BRIDGEWATER<br>STATE HOSPITAL<br>    Defendants | CIVIL ACTION<br>NO. 04-11942GAO |

## ANSWER OF NEWTON POLICE OFFICERS
## DAWN HOUGH, JOANNE BLAY AND DINA VACCA

Defendants Newton Police Officers Dawn Hough, Joanne Blay, and Dina Vacca, (collectively the "Police Officers") hereby answer the Complaint of Plaintiff Lawrence J. Mesite ("Plaintiff") as follows:

1. The Police Officers are without sufficient knowledge or information to admit or deny the allegations in paragraph 1, and call upon Plaintiff to prove the same.

2. Admitted, except the zip code is 02465.

3. The Police Officers are without sufficient knowledge or information to admit or deny the allegations in paragraph 3, and call upon Plaintiff to prove the same.

4. Admitted.

5. Admitted.

6. Admitted.

7. Denied.

8. Admitted. Further answering Plaintiff and another male were attempting to remove license plates and stated that they were attempting to remove them.

9. Admitted.

10. Admitted.

11. Denied.

12. Admitted. Further answering, as to the license plates, one was reported as stolen and one was reported as missing. Further answering, a record check of Plaintiff revealed that he has a previous manslaughter conviction.

13. Admitted.

14. Admitted.

15. Denied.

16. Admitted, except the characterization of the search being "aggressive".

17. The Police Officers admit that they secured the guns and ammunition they found and that there was a subsequent motion to suppress, and deny the remaining allegations.

18. The Police Officers admit that Plaintiff was arrested. As to the remaining allegations, the Police Officers are without sufficient knowledge or information to admit or deny them, and call upon Plaintiff to prove the same.

19. The Police Officers deny that Plaintiff was placed in danger of physical harm due to the search and seizure. As to the remaining allegations, the Police Officers are without sufficient knowledge or information to admit or deny them, and call upon Plaintiff to prove the same.

20. Denied.

21. Denied.

22. The Police Officers deny that they violated Plaintiff's 52A rights. As to the remaining allegations, the Police Officers are without sufficient knowledge or information to admit or deny them, and call upon Plaintiff to prove the same.

23. Denied.

24. Denied.

25. The Police Officers admit that the matter was marked up for a motion to suppress, and deny the remaining allegations.

26. The Police Officers admit that the matter was dismissed, and deny the remaining allegations.

## COUNT ONE

27. The Police Officers incorporate herein their responses to paragraphs one through twenty-six.

28. The Police Officers deny the Count as to them.

## FIRST AFFIRMATIVE DEFENSE

29. As and for a separate and complete defense, the Police Officers state that the Complaint, in whole or in part, fails to state a claim against them upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

30. As and for a separate and complete defense, the Police Officers state that they did not proximately cause any damages or injuries that Plaintiff suffered.

### THIRD AFFIRMATIVE DEFENSE

31. As and for a separate and complete defense, the Police Officers state that any damages or injuries that Plaintiff suffered were caused by third parties for whom the Police Officers are not responsible.

### FOURTH AFFIRMATIVE DEFENSE

32. As and for a separate and complete defense, the Police Officers state that Plaintiff himself caused and/or contributed to any damages or injuries that he suffered.

### FIFTH AFFIRMATIVE DEFENSE

33. As and for a separate and complete defense, the Police Officers state that they are entitled to qualified immunity.

WHEREFORE, the Police Officers demand that the Complaint be dismissed, or, alternatively, that they be awarded costs and attorneys' fees.

DEFENDANTS,
NEWTON POLICE OFFICERS
DAWN HOUGH, JOANNE BLAY
AND DINA VACCA,

By their attorney,

_____
Donnalyn B. Lynch Kahn (BBO # 556609)
Assistant City Solicitor
City of Newton Law Department
1000 Commonwealth Avenue
Newton Centre, MA 02459
Tel: (617) 796-1240

Dated: June 9, 2005

**CERTIFICATE OF SERVICE**

I, Donnalyn B. Lynch Kahn, hereby certify that on this date I have mailed first class postage prepaid a copy of the within to Damon Scarano, Esq., 60 Commercial Wharf, Boston, MA 02210.

Signed under the pains and penalties of perjury this 9th day of June, 2005.

_____
Donnalyn B. Lynch Kahn
Assistant City Solicitor