UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-11942-GAO

LAWRENCE J. MESITE
Plaintiff

v.

DAWN HOUGH, JOANNE BLY, and DINA VACCA
Defendants

ORDER
July 13, 2006

O'TOOLE, D.J.

Upon consideration of the unopposed motion by defendants Dawn Hough, Joanne Bly, and Dina Vacca ("defendants") to compel the plaintiff, Lawrence Mesite ("Mesite") to produce his medical records, I conclude it ought to be granted.

Mesite's response to the document requests at issue, which was merely to state that he had given the defendants authorization to obtain his medical records on a "blanket" basis, thus shifting the burden to the defendants to seek Mesite's information from medical providers, constitutes insufficient compliance with the Federal Rules of Civil Procedures, specifically Fed.R.Civ.P. 34. Rule 34(a)(1) mandates that a party to whom a request for production documents is made must "produce and permit the party making the request, or someone acting on the requestor's behalf, to inspect and copy ... any designated documents ... which constitute or contain matters within the scope of Rule 26(b) and which are in the possession, custody or control of the party upon whom the request is served." The medical records sought appear to be relevant and within the scope of Rule 26(b) because the complaint alleges that the Mesite

suffered various injuries during his detention, which allegedly resulted from an arrest flowing from an alleged illegal search and seizure by the defendant police officers. It does not appear Mesite made any objections to the document requests and he has not filed an opposition to this motion to compel. Although the medical records at issue may be within the custody of third parties, such as doctors or hospitals, Mesite essentially holds the key to obtaining release of those records due to HIPPA and other laws protecting a patient's private medical records. It appears that the defendants have been unable to obtain Mesite's medical records despite his purported "blanket authorization." They have advised Mesite of these problems but have received no response or assistance from Mesite on this issue. The defendants have also have sought and obtained from this court a Subpoena Duces Tecum as to Bridgewater State Hospital, where Mesite alleges he was held, but have encountered difficulties in obtaining relevant records because they are not aware of the identity of Mesite's medical providers.

Accordingly, the defendants' motion to compel (Dk. #21) is GRANTED. Mesite shall, within 60 days, produce documents responsive to Document Request No. 1 and Document Request No.2 of Defendants' First Request for Production of Documents.

It is SO ORDERED.

_July 13, 2006_
DATE

/s/ _[signature]_
DISTRICT JUDGE