UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LAWRENCE J. MESITE,<br>      Plaintiff<br><br>v.<br><br>NEWTON POLICE OFFICER, DAWN HOUGH,<br>NEWTON POLICE OFFICER, JOANNE BLAY,<br>NEWTON POLICE OFFICER, DINA VACCA,<br>CITY OF NEWTON, SUPERINTENDENT,<br>KENNETH NELSON AND BRIDGEWATER<br>STATE HOSPITAL<br>      Defendants | CIVIL ACTION<br>NO. 04-11942GAO |

**REQUEST FOR DEFAULT AND MOTION TO PRECLUDE PLAINTIFF FROM OFFERING PROOF OF ANY PHYSICAL OR PSYCHOLOGICAL HARM**

The remaining City of Newton Defendants in the above-captioned matter, Police Officers Dawn Hough, Joanne Blay and Dina Vacca (collectively the "City Police Officers"), hereby request to have Plaintiff declared in default of the Court's December 19, 2006 Order, and move to preclude Plaintiff from offering proof of any physical or psychological harm in this matter.

In support of this motion, the City Police Officers state as follows:

    1.    On July 14, 2006, in response to the City Police Officers' motion to compel medical documents, this Court ordered Plaintiff to "within 60 days, produce documents responsive to Document Request No. 1 and Document Request No. 2 of Defendants' First Request for Production of Documents."

    2.    The medical records requested by the City Police Officers consisted of:

**Request No. 1**

All documents relating to physical, mental and emotional damages allegedly sustained by

you as a result of the alleged incidents referred to in your Complaint including, but not limited to:

    (a)    all hospital reports and other hospital documents; and

    (b)    reports, evaluations or notes from treatment by private physicians, therapists or other health care providers.

**Request No. 2**

All documents relating to your physical, mental and emotional condition from 1980 to the present, including but not limited to:

    (a)    all hospital reports and other hospital documents; and

    (b)    reports, evaluations, or notes from treatment by private physicians, therapists or other health care providers.

The document request had been served on Plaintiff on or about November 22, 2005.

3.    On September 15, 2006, after Plaintiff failed to produce any documents in response to the Court's Order, the City Police Officers filed a Motion to Dismiss For Failure to Comply with Court Order.

4.    Plaintiff opposed the motion to dismiss noting in his opposition that he had "received his medical records from McLean's Hospital, Belmont, Massachusetts" and that he was seeking to obtain other records.

5.    In response to the motion to dismiss and opposition, this Court ordered on December 19, 2006 that:

> [P]laintiff shall, by January 31, 2007, produce all medical records as requested by the defendant. If in default, he will be precluded from offering proof of any physical or psychological harm resulting from the alleged violation of his rights.

2

6. Prior to January 31, 2007, Plaintiff produced his medical records from Bridgewater State Hospital. However, the City Police Officers had already procured these records on their own by Order of this Court on April 20, 2006 requiring Bridgewater State Hospital to respond to a Subpoena Duces Tecum by the City Police Officers.

7. No other medical documents whatsoever have been produced by Plaintiff to date, including the MacLean's Hospital records he claimed to have received.

8. On January 26, 2007, the City Police Officers' attorney communicated with Plaintiff's attorney regarding the medical records needed to comply with the Court's December 19, 2006 Order, and advising him of the City Police Officers' intention to file the instant motion if the records were not produced. (See Exhibit A attached hereto).

9. Plaintiff has not complied with this Court's December 19, 2006 Order.

WHEREFORE, for the foregoing reasons, the City Police Officers respectfully request that this Court find Plaintiff in default of the December 19, 2006 Order, and preclude Plaintiff from offering proof of any physical or psychological harm resulting from the alleged violation of his rights.

DEFENDANTS,
NEWTON POLICE OFFICERS
DAWN HOUGH, JOANNE BLAY
AND DINA VACCA,

By their attorney,

/s/ Donnalyn B. Lynch Kahn
Donnalyn B. Lynch Kahn (BBO # 556609)
Assistant City Solicitor
City of Newton Law Department
1000 Commonwealth Avenue
Newton Centre, MA  02459
Tel: (617) 796-1240

Dated: February 13, 2007

3