UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LAWRENCE J. MESITE,<br>　　　　Plaintiff<br><br>v.<br><br>NEWTON POLICE OFFICER, DAWN HOUGH,<br>NEWTON POLICE OFFICER, JOANNE BLAY,<br>NEWTON POLICE OFFICER, DINA VACCA,<br>CITY OF NEWTON, SUPERINTENDENT,<br>KENNETH NELSON AND BRIDGEWATER<br>STATE HOSPITAL<br>　　　　Defendants | CIVIL ACTION<br>NO. 04-11942GAO |

**CITY OF NEWTON POLICE OFFICERS'
FIRST SET OF INTERROGATORIES TO PLAINTIFF**

Pursuant to Rule 33 of the Massachusetts Rules of Civil Procedure, Defendant City of Newton Police Officers Dawn Hough, Joanne Blay and Dina Vacca hereby submit the following interrogatories to be answered by Plaintiff under oath and in accordance with the following definitions and instructions.

1. The term "you" or "your" shall mean plaintiff Lawrence Mesite and each of his agents, attorneys, and any others who have or are now acting or purporting to act for or on behalf of Lawrence Mesite.

2. The term "Police Officers" shall mean defendant City of Newton Police Officers Dawn Hough, Joanne Blay and Dina Vacca, and each of their representatives and agents.

3. The term "Complaint" shall mean the complaint filed by you in the above-

captioned action.

4. The term "communication" as used herein means the oral or written exchange or words, thoughts, or ideas to another person or entity, whether in person, in a group, by telephone, by letter, by telex or by any other process, electronic or otherwise. "Communications" in writing shall include, without limitation, printed, typed, handwritten or other readable documents, correspondence, conversations, dialogues, discussions, consultations, agreements, memoranda, reports, contracts, drafts (both initial and subsequent), diaries, logbooks, minutes, notes studies, surveys and forecasts, and any and all nonidentical copies thereof.

5. The term "person" shall mean all natural persons and all business entities of any kind, including, but not limited to corporations, unincorporated associations, business trusts, or other entities separately identified, no matter how organized.

6. The term "identify" as used herein, when used in reference:

(a) to any individual person(s), means to state his full name, present residential address, his present or last known occupation and/or title, business affiliation, and business address, both at present and at the time in question;

(b) to a communication, statement, conversation or oral report, means to state the date and place thereof, to identify the person or persons speaking, to identify all persons present, and to state the substance of the communication, statement, conversation or oral report;

(c) to a document, means to state the date, number of pages and author, type of document (e.g., letter, memoranda, telegram, etc.) or some other means of identifying it, and the place of its present location and custodian. If any such document was, but is no longer in the possession of the responding party or subject to the control of the responding party, state what disposition was made of same, when, and

by whom;

(d) to an observation, inspection, study or evaluation of a specific site, instance, object, act or occurrence, means to state the date and place thereof, the identity of the person or persons present, and the substance of observation, inspection, study or evaluation of the specific site, instance, object, act or occurrence.

7. The term "set forth" as used herein means to outline, list, explain, evaluate, depict or express the accounting of an observation, inspection, study or evaluation of a specific site, instance, object, act, occurrence, event or sequence of events and to identify the dates and the persons present.

8. The term "relating to" as used herein shall mean constituting, referring to, reflecting or in any way logically or factually connected with the matter described in the request.

9. The term "each" shall mean to include the word "every", and the term "every" includes the word "each"; "any" shall mean to include the word "All" and "all" includes the word "any"; "and" shall mean to include the word "or", and "or" includes the word "and".

## INSTRUCTIONS

1. Each interrogatory shall be deemed continuing and, in the event that at any time between the answering of any interrogatory and the date of the trial of this matter you shall acquire additional knowledge or information responsive to any interrogatory, please file supplemental answers containing such additional knowledge or information.

2. If you decline to answer any interrogatory or part thereof, please fully describe the basis on which you contend you may decline to answer and identify the information withheld in a manner sufficient (a) to disclose the facts upon which you rely in asserting your claim, and (b) to permit the information withheld to be identified.

## INTERROGATORIES

1. Please identify yourself fully, setting forth your name, date of birth, and current residential address.

2. Please identify all damages, excluding any physical and psychological harm, that you claim were caused by the Police Officers.

3. Please set forth all monetary losses, excluding any physical and psychological losses, that you claim were caused by the Police Officers.

4. Please set forth your income for calendar years 1998, 1999, 2000 and 2001.

5. Please set forth all addresses you had from 2000 to 2003.

6. Please identify by name, business address, and professional qualifications each person whom you expect to call as an expert witness at trial and as to each such person state: the nature of his or her area of specialization, the subject matter on which he or she is expected to testify; the substance of the facts and opinions to which the expert is expected to testify; a summary of the grounds for each opinion; the facts upon which you rely to qualify each such person as an expert; and all documents or other information upon which such expert relies or to which he or she makes reference in his or her opinion.

7. Please identify all documents to which you referred or upon which you relied in researching or formulating your answers to these interrogatories.

DEFENDANTS,
NEWTON POLICE OFFICERS
DAWN HOUGH, JOANNE BLAY
AND DINA VACCA

By their attorney,

*[signature]*
Donnalyn B. Lynch Kahn (BBO # 556609)
Assistant City Solicitor
City of Newton Law Department
1000 Commonwealth Avenue
Newton Centre, MA  02459
Tel:  (617) 796-1240

Dated:  4/6/7

## CERTIFICATE OF SERVICE
Case 1:04-cv-11942-GAO    Document 33-3    Filed 07/10/2007    Page 6 of 6

I, Donnalyn B. Lynch Kahn, hereby certify that on this date I have mailed First Class postage prepaid a copy of the within to Damon Scarano, Esq., 60 Commercial Wharf, Boston, MA 02210.

Signed under the pains and penalties of perjury this 6th day of April, 2007.

*Donnalyn B. Lynch Kahn*
Donnalyn B. Lynch Kahn
Assistant City Solicitor